IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE KENT COOKE | § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 3:07-CV-168-O |
| JOHN KENT COOKE, SR.; GEORGE DILLON; STUART HANEY; LINDA J. KING; MACK POLLACK; HOWARD B. SOLOWAY; WANDA G. WISER; THE JACK KENT COOKE FOUNDATION; THE ESTATE OF JACK KENT COOKE; DENNIS I. BELCHER; ANNE MARIE WHITTEMORE; MCGUIRE WOODS L.L.P.; TREDEGAR TRUST COMPANY a/k/a MIDDLEBURG TRUST COMPANY; DAVID HARTLEY; PATRICIA A. WOODWARD; and GIANFRANCO R. FIORIO, | § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the following:

1. Defendants Dennis Belcher, Anne Marie Whittemore, and McGuire Woods, L.L.P.'s Motion to Dismiss Due to Improper Venue or, Alternatively, to Transfer Venue (Doc. # 32) and Brief in Support ("Def. McGuire Wood's Br.") (Doc. # 33), filed September 26, 2007;

2. Defendants Middleburg Trust Company, David Hartley, Patricia A. Woodward, and Gianfranco R. Fiorio's Brief in Support of his Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Transfer Venue (Doc. # 37) and Brief in Support ("Def. Sub. Trustees' Br.") (Doc. # 38), filed September 26, 2007;

3. Defendants The Jack Kent Cooke Foundation, The Estate of Jack Kent Cooke, John Kent

1

Cooke, Sr, George R. Dillon, Stuart A. Haney, Linda J. King, Mack Pollak, Howard B. Soloway, and Wanda G. Wiser's Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. # 42) and Brief in Support ("Def. Foundation's Br.") (Doc. # 43), filed September 26, 2007;

4. Plaintiff's Response in Opposition to Defendants' Motions To Dismiss or, In the Alternative, To Transfer Venue and Motions To Dismiss For Failure to State a Claim ("Pl.'s Resp.") (Doc. # 63), filed July 23, 2008;

All Defendants have filed a Reply brief. *See* Docs. # 68, 69, 70. The Court considers Defendants' Motion to Transfer Venue to the Eastern District of Virginia. Having reviewed and considered the arguments, the Court finds that the present litigation would proceed more conveniently, and the interests of justice would be better served, by transferring this case to the Eastern District of Virginia.

## I. BACKGROUND

Plaintiff sued Defendants alleging they illegally modified a lifetime support trust established by her father naming her as beneficiary. Plaintiff contends that the Defendants – in their respective capacities as executors, trustees, substitute trustees and/or legal counsel – breached their fiduciary duty owed to her, mismanaged and fraudulently reformed her trust, and failed to provide for her health, education, maintenance and support as required by the terms of the original trust. Plaintiff also seeks an accounting. Finally, Plaintiff alleges that her father misrepresented his assets to the Virginia domestic relations court in order to diminish the amount of child support he was obligated to pay for her support.

<u>Defendants</u>

According to the complaint, each of the named Defendants and their respective locations for

service of process are as follows:

1. Executors and Trustees of the Estate of Jack Kent Cooke and as former Trustees for the Jaqueline Kent Cooke Trust:

    John Kent Cooke, Sr. - Virginia

    George R. Dillon - Maryland

    Stuart A. Haney - Virginia

    Linda J. King - Virginia

    Mack Pollak - Maryland

    Howard B. Soloway - California

    Wanda G. Wiser - Virginia

2. Legal Counsel for the Jack Kent Cooke Estate and as Executors and Trustees of the Jack Kent Cooke Estate:

    Dennis L. Belcher - Virginia

    Anne Marie Whittemore - Virginia

    Law Firm of McQuire Woods, L.L.P. - Virginia

3. Trustees and Successor Trustees:

    Tredegar Trust Company *a/k/a* Middleburg Trust Company - Virginia

    David Hartley, Officer/Agent of Tredegar Trust Company - Virginia

    Patricia A. Woodward - Virginia

    Gianfranco P. Fiorio - Virginia

4. Jack Kent Cooke Foundation - Virginia

Plaintiff's Allegations

Plaintiff alleges that prior to her father's death, he executed a seventh codicil to his will which created a five million dollar lifetime trust to support her "'as necessary' for her 'education, health, maintenance, and support.'" *Pl.'s Cplt. p. 25, ¶12*. The complaint alleges that Defendants initiated a proceeding under Virginia law, ostensibly for tax purposes, to reform Plaintiff's trust. Plaintiff contends that the reformation of the trust removed the "as necessary" language from the document, effectively limiting her access to trust funds. *Pl.'s Cplt. p. 36-60, 63*. Plaintiff claims this was not in her best interests because the reformed terms prevent her from obtaining trust funds in the full amount necessary for her health, education and well being between the ages of 9 and 35. *Pl.'s Cplt. p. 9, ¶ 9, p. 12, ¶ 16, p. 15, ¶ 16*.

Plaintiff further alleges that Defendants failed to give her adequate notice of the change in trust terms (*Pl.'s Cplt. p. 13, ¶ 17*), the Virginia law permitting reformation of her trust violated her due process rights (*Pl.'s Cplt. p. 13, ¶ 18*), and the Defendants mismanaged her trust (*Pl.'s Cplt. p. 13, ¶ 19*). In addition to the trust related allegations, Plaintiff alleges Defendants have failed to make child support payments according to an existing Virginia child support order (*Pl.'s Cplt. p. 16 ¶ 24, p. 21-23, ¶¶ 4-7*) and she requests a retroactive increase of the child support order (*Pl.'s Cplt. p. 84-86*).

Claims for Relief

Plaintiff seeks a declaratory judgment that the reformation of her trust is void (Count 1); damages for various causes of action (Count 2); damages for violation of her constitutional rights (Count 3); and an accounting (Count 4).

Procedural Background

Plaintiff filed her complaint *pro se*. *See* Doc. # 1. She subsequently retained counsel who filed a Notice of Appearance on July 20, 2007. *See* Doc. # 4. On August 24, 2007, the Court granted Plaintiff's attorneys' motion to withdraw due to a "fundamental disagreement" with each other. *See* Doc. # 23. On September 26, 2007, Defendants appeared and filed the above-referenced motions.

The docket indicates that Plaintiff has corresponded with the Court throughout this lawsuit about her efforts to obtain new counsel and to otherwise present information. *See, e.g.,* Docs. # 46, 52, 54. On December 5, 2007, this case was transferred to the undersigned's docket. *See* Doc. # 51. On February 29, 2008, Plaintiff's new counsel appeared in this matter. *See* Doc. # 61. Plaintiff's new counsel responded to Defendants' pending motions on July 23, 2008. *See* Doc. # 63. These motions have now been briefed by both sides and are ripe for decision.

## II. AUTHORITY

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. §1404(a). When considering a motion to transfer venue, a district court must consider "a number of private and public interest factors, 'none of which can be said to be of dispositive weight.'" *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 380 (5th Cir. 2007), *reh'g granted*, 517 F.3d 785 (5th Cir. Feb. 14, 2008);[1] *see also In re Horseshoe Entm't*, 337 F.3d 429,

---

[1] The Court recognizes that the panel opinion in *In re Volkswagen* is no longer precedent because the motion for rehearing en banc was granted. *Byrne v. Butler*, 845 F.2d 501, 507 (5th Cir. 1988) ("as we have stressed, [t]he grant of a rehearing en banc vacates the panel opinion, which thereafter has no force"). However, given the primary issue before the court of appeals involves whether a writ of mandamus is a proper avenue to challenge a district court's order

434-35 (5th Cir. 2003). The private factors include: (1) access to sources of proof; (2) the availability of the compulsory process power; (3) costs to witnesses of appearing; and (4) any other practical considerations affecting the ease and expense of trial. *In re Volkswagen of Am. Inc.*, 506 F.3d at 380. The public interest factors include: (1) judicial economy; (2) interests associated with having local interests decided locally; (3) forum familiarity with the law at issue; and (4) problems arising from conflict of law. *Id.* Based on Fifth Circuit precedent, the plaintiff's choice of forum is also a factor to be considered "but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.

When ruling on a motion to transfer venue, the first issue that a district court must decide is whether the district or division to which transfer is sought is one where the civil action "might have been brought." 28 U.S.C. § 1404. If it may have been brought in that district, Defendants then have the burden to demonstrate that the transfer district is clearly more convenient than this district. This means that Defendant must show good cause by demonstrating that the transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice." *In re Volkswagen of Am. Inc.*, 506 F.3d at 380. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *Id.*

III. ANALYSIS

1. Proper Alternate Forum

As a threshold matter, Defendants must show this case could have been brought in the

---

regarding venue, the Court does not anticipate a change to the analysis of the motion to transfer under the facts in this case.

Eastern District of Virginia. As stated above, the claims in this case involve the creation, management, and reformation of a trust established by Plaintiff's father, as well as claims involving the child support order directing Plaintiff's father to pay child support for her benefit. The trust is located, administered, and was reformed in Virginia pursuant to Virginia law in a Fauquier County, Virginia court. *Pl.'s Cplt. p. 6, ¶ 2; p. 52-53, ¶ 64; Def. Sub. Trustees' Br., p.11; Def. Foundation's Br., p. 15; Def. McGuire Wood's Br., p. 13*. Additionally, the child support orders were issued by a court in Fauquier County, Virginia. *Pl.'s Cplt. p. 21-23, ¶ 5-7; Def. Sub. Trustees' Br., p.11; Def. Foundation's Br., p. 15; Def. McGuire Wood's Br., p. 13*. Fauquier County, Virginia is within the Eastern District of Virginia. *See* 28 U.S.C. § 127.

Under 28 U.S.C. § 1391(a), venue exists in "(2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." *Id.* Because a substantial part of the acts and omissions complained of occurred in the Eastern District of Virginia, this suit could have initially been filed there. As the Eastern District of Virginia is a district in which this suit could have been initiated, the Court turns to an analysis of the public and private factors.

2. Private factors

    a. Access to Sources of Proof

This factor weighs in favor of transfer. Plaintiff seeks an accounting of trust funds, "re-reformation" of the trust terms, and a revision of the child support order providing for her support. She also seeks damages pursuant to various theories of liability for actions taken by Defendants related to the trust. The trust is located and administered in Virginia. *Def Sub. Trustees' Br., p.11; Def. Foundation's Br., p. 15; Def. McGuire Wood's Br., p. 13*. The records relating to the trust and

7

the child support order, as well as the non-party fact witnesses to the disputed facts, are all located in Virginia. *Def. Foundation's Br., p. 15*; *Def. Sub. Trustees' Br., p.11; Def. McGuire Wood's Br., p. 13*. The majority of Defendants reside in or near Virginia. *See Plaintiff's Cplt.* Of those Defendants who do not reside in Virginia, one resides in California, the other resides in Baltimore, Maryland, and both have joined the motion to transfer to Virginia. *See generally Foundation's Br.*

The Court recognizes that some of the relevant records and witnesses competent to attest to Plaintiff's needs are sources of proof likely to be located in Dallas, Texas. However, it does not appear from Plaintiff's allegations that the amount of her tuition, living, and medical expenses are at issue. Stated differently, the question before the Court is not one of simply quantifying Plaintiff's expected distribution from the trust. Rather, the dispute before the Court centers on whether the terms of the trust after its reformation allow the trustees to pay such expenses. *See Pl.'s Cplt. p. 48-49, ¶ 55.* In addition, Plaintiff concedes that most Defendants reside in Virginia and most discovery will take place in Virginia. *Pl.'s Resp., p. 11*. Overall, this factor weighs in favor of transfer.

    b. Availability of Compulsory Process

This factor weighs in favor of transfer. Federal law provides for compulsory process of witnesses who are found within 100 miles of the federal courthouse where the suit is pending and to those witnesses found within the state of suit. *FED. R. CIV. P. 45; Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). All of the fact witnesses and evidence related to Plaintiff's claims of trust mismanagement, wrongful trust reformation, and child support claims are within the area of the federal courthouse for the Eastern District of Virginia. *See Pl.'s Cplt. p. 6, ¶2; p. 52-53, ¶ 64; p. 84-86; see also Foundation's Br., p. 15; Def. Sub. Trustees' Br., p. 11; Def. McGuire Wood's Br., p. 13*. Again, the Court recognizes that Plaintiff will be a witness and her

8

living, educational and health expenses are relevant to her allegations. But as stated above, the authority to pay for those expenses, rather than the amount of those expenses, will be the issue to be decided in this case. All of the pertinent witnesses and other evidence related to the disputed issues are in Virginia. Therefore, this factor weighs heavily in favor of transfer to Virginia.

      c. Cost of Attendance of Witnesses

Almost all of the identified fact witnesses reside in the Virginia area. Plaintiff is the only identified fact witness to reside in Dallas. Thus it will clearly be more convenient for the witnesses to appear and produce evidence if the case is transferred to the Eastern District of Virginia. Additionally, Defendants have identified Plaintiff's former *guardians ad litem* as non-party fact witnesses who will be called to testify. *See Foundation's Br., p.15*. These witnesses practice in Washington D.C., which is a short distance by car to the Eastern District of Virginia. *Id.* Plaintiff does not identify any non-party fact witnesses who live or work in the Dallas Division of the Northern District of Texas. The convenience of witnesses may be considered "the most powerful factor governing the decision to transfer a case." *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex.1994); *see also Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). This factor weighs strongly in favor of transferring this case.

      d. Other Practical Considerations Affecting the Ease and Expense of Trial

The facts as set forth in Plaintiff's complaint, as well as the pertinent information and evidence relating to her claims are overwhelmingly set in Virginia. It may be true that many of the Defendants are more able to afford to travel for purposes of this lawsuit as compared to Plaintiff's ability to do so. However given that all of the non-party fact witnesses are located in or near Virginia and all of the facts that give rise to this suit occurred there as well, the overall expense of

9

trial will be significantly reduced, and trial administration will be considerably more efficient, if held in the Eastern District of Virginia.

3. Public Factors

    a. Judicial Economy

While this case has been pending since 2007, much of the time that has passed was to allow Plaintiff to retain counsel and to respond to the pending motions. As set out above, Plaintiff's global response to Defendants' motions was filed very recently. Transfer of this case to the Eastern District of Virginia is unlikely to delay its resolution as the average time for trial of its cases is 9.3 months as contrasted with a twenty month average in the Northern District of Texas. *See Def. Foundation's Br., p. 16*; *Def. Sub. Trustees' Br., p. 11, fn 11*. These facts support transfer.

    b. Local Interests

This case involves a trust created, administered and reformed under Virginia law, as well as a child support order issued by a Virginia court. The dispute over the application of Virginia law and Virginia's court system weigh heavily in favor of transfer.

    c. Familiarity With Governing Law

As stated, Virginia state law will likely control much of this dispute. This factor weighs in favor of transfer.

    d. Avoidance of Conflict of Laws

Neither side has presented information related to this factor. Therefore, this factor is neutral in the Court's consideration.

### III. CONCLUSION

Defendants have met their burden to show that the Eastern District of Virginia is the more

convenient forum for the parties and witnesses and in the interests of justice. It is therefore ORDERED that Defendants' Motions to Transfer Venue (Docs. # 32, 37, 42) are hereby GRANTED. It is FURTHER ORDERED that pursuant to 28 U.S.C. § 1404(a) this case is TRANSFERRED to the United States District Court for the Eastern District of Virginia.

SO ORDERED on this 17th day of September, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**